IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>    v.<br><br>Matthew William Gust,<br><br>                    Defendant. | **ORDER FOR RESTITUTION**<br><br>Case No. 3:16-cr-08 |

On September 6, 2016, the court held Matthew William Gust's ("Gust") sentencing hearing after he pled guilty to Malicious Use of Explosive Materials, in violation of 18 U.S.C. § 844(i), and Interference with a Federally Protected Activity, in violation of 18 U.S.C. §§ 245(b)(2)(C) and (F).[1]  As part of his plea agreement, Gust agreed to pay restitution.[2]  The court sentenced Gust to a 180-month term of imprisonment and left open the issue of restitution because the United States and Gust disagreed about the amount of restitution owed.[3]  The court ordered the parties to provide supplemental briefing on this issue.[4]

The United States contends Gust owes $268,927.72 in restitution.[5]  This amount derives from fire set by Gust which caused extensive property damage to Juba Café and

[1] Doc. #56.

[2] Doc. #30.

[3] Docs. #55, 58.

[4] Doc. #55.

[5] Doc. # 59.

neighboring businesses.[6]   While Gust concedes he owes restitution, he objects to this amount for two reasons.   First, Gust does not have the economic means to pay the restitution amount.[7]   Second, the restitution amount includes claims from insurance companies which Gust argues are not victims and therefore are not entitled to restitution.[8]  Gust does not submit a specific restitution amount but instead contends he should only pay restitution in the amount of out-of-pocket expenses of the victims.[9]

Under the Mandatory Victim Restitution Act (MVRA), "the court shall order restitution to each victim in the **full amount** of each victim's losses . . . and **without consideration of the economic circumstances of the defendant.**"[10]   The court recognizes the defendant has limited economic means however it is unable to take that into consideration when determining the restitution amount.   Likewise, under the MVRA, the court cannot consider "the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source . . . in determining the amount of restitution."[11]   The court therefore finds Gust's argument to be without merit.

Additionally, whether or nor insurance companies are victims under the MVRA, they are entitled to restitution payments when they have made payments to a victim.   In

---

[6] Doc. #49-1.

[7] Doc. #58.

[8] Id.

[9] Id.

[10] 18 U.S.C. § 3664(f)(1)(A) (emphasis added).

[11] 18 U.S.C. § 3664(f)(1)(B).

United States v. Mancini,[12] the Eighth Circuit held "[u]nder §3664 of the [MVRA], the court must order restitution be paid directly to an insurer if there was a 'victim' within the meaning of the MVRA and if the insurer compensated the victim for some or all of its loss." It is undisputed that the insurance companies are paying claims to victims[13] in this action. The court therefore finds the insurance claims can be included in the restitution amount.

For the foregoing reasons, the court **ORDERS** Gust pay restitution in the amount of $268,927.72. The parties are **ORDERED** to file a stipulated payment schedule to the court by December 23, 2016.

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2016.

        /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court

---

[12] 624 F.3d 879, 882 (8th Cir. 2010).

[13] The MVRA defines a "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . ." 18 U.S.C. § 3663(a)(2).